# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

NICOLÁS MADURO MOROS and CILIA FLORES,
by and through GABRIEL SANCHEZ, as next friend,
Petitioners,

v.                                    Civil Action No. _____

**4-26CV-062-0**

UNITED STATES OF AMERICA;
ATTORNEY GENERAL OF THE UNITED STATES
(PAMELA BONDI), in her official capacity;
SECRETARY OF DEFENSE;
COMMANDER, UNITED STATES SOUTHERN COMMAND;
UNITED STATES MARSHALS SERVICE;
WARDEN JOHN/JANE DOE #1 (immediate physical
custodian, when identified); and JOHN/JANE DOE
#2–10 (unknown custodians),
Respondents.

## PETITION FOR WRIT OF HABEAS CORPUS (NEXT FRIEND) — 28 U.S.C. § 2241

Petitioners, by and through Gabriel Sanchez, as next friend, state:

### INTRODUCTION (BRIDGE & SUBSTITUTION)

1. This Petition seeks immediate disclosure of custodial location, preservation of this Court's jurisdiction, production of the bodies of Nicolás Maduro Moros and Cilia Flores, and charge-or-release relief. U.S. officials publicly asserted that the United States captured Petitioners and will proceed in U.S. courts.

2. Petitioners cannot presently access the Court or communicate freely. Next-friend filing is required to prevent concealment or transfer that would frustrate the Great Writ.

---

3. Bridge/Substitution on Counsel Appearance. Petitioners proceed by and through Gabriel
Sanchez solely as next friend due to Petitioners' present inability to access the Court. Upon
appearance of counsel designated by Petitioners, their family, or consular authority, Petitioners
request immediate substitution of such counsel and maintenance of any disclosure/no-transfer/
access relief for 72 hours so counsel may confer with Petitioners and be heard.

JURISDICTION & VENUE

4. This Court has jurisdiction under 28 U.S.C. § 2241(c)(1), (3) (persons in custody; custody in
violation of the Constitution or laws of the United States). The Suspension Clause preserves the
writ. U.S. Const. art. I, § 9, cl. 2.

5. Venue is proper because (a) Respondents include nationwide officers subject to this Court's
process; (b) the immediate custodian is being withheld/unknown and urgent no-transfer relief
is necessary to preserve jurisdiction pending identification; and (c) Petitioners seek emergency
orders operative within this District.

5A. Venue/Custody (interim relief). Venue and custody are proper for interim relief: Braden v.
30th Judicial Circuit Court permits habeas where the restraint acts and relief can be given,
410 U.S. 484, 495–500 (1973); and Rumsfeld v. Padilla's immediate-custodian rule does not bar
a short no-transfer/disclosure order while the Government withholds the custodian's identity or
location, 542 U.S. 426, 434–47 (2004).

PARTIES

6. Petitioners: Nicolás Maduro Moros and Cilia Flores (the "Detainees").

7. Next friend: Gabriel Sanchez (contact information filed UNDER SEAL per contemporaneous
Omnibus Motion to Seal Personal Identifiers).

8. Respondents: United States of America; Attorney General of the United States (Pamela
Bondi),
in her official capacity; Secretary of Defense; Commander, U.S. Southern Command; United
States

Marshals Service; Warden John/Jane Doe #1 (immediate physical custodian, when identified); and John/Jane Doe #2–10 (unknown custodians).

CUSTODY & RESTRAINT

9. On officials' public statements, the Detainees were captured by U.S. forces and brought under U.S. control. Whether held by DoD, USMS, BOP, DEA, or inter-agency custody, the United States exercises actual or constructive custody triggering habeas review.

STANDING AS NEXT FRIEND

10. At common law (well before 1860), a next friend could sue to protect one unable to access the courts. Congress recognized that continuity: a habeas petition "may be signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Petitioners cannot presently access the Court; next friend files solely to preserve liberty and will yield immediately to counsel designated by family or consular authority.

CONSTITUTIONAL LIMITS IMPLICATED (PRE-1860 ANCHORS)

11. Art. I, § 8, cl. 11 (War/Marque/Captures). Congress alone declares war, grants letters of marque, and makes rules concerning captures on land and water. See, e.g., Little v. Barreme, 6 U.S. (2 Cranch) 170 (1804) (presidential orders cannot enlarge a statute); Brown v. United States, 12 U.S. (8 Cranch) 110, 128–29 (1814) (no condemnation until Congress speaks by law); Bas v. Tingy, 4 U.S. (4 Dall.) 37 (1800); Talbot v. Seeman, 5 U.S. (1 Cranch) 1 (1801).

12. Art. I, § 8, cl. 10 (Define & Punish). Congress must define punishable offenses against the law of nations; labels like "false flag/shadow fleet" do not self-execute capture power absent statute.

13. Art. III, § 2 (Admiralty/Prize) & Amend. V (Due Process). Captured vessels/cargo/persons proceed to judicial condemnation/due course of law; peacetime belligerent seizures are unknown to our law absent lawful cause and adjudication. The Marianna Flora, 24 U.S. (11 Wheat.) 1 (1826). Statutes should be construed to avoid violating the law of nations. Charming Betsy, 6 U.S. (2 Cranch) 64, 118 (1804).

---

14. Art. II, § 3 (Take Care). The President executes law; he does not mint new seizure powers.

15. Art. VI (Supremacy). Only laws "made in pursuance" of the Constitution and self-executing treaties are supreme; foreign resolutions cannot reallocate Articles I–III powers.

CLAIMS FOR RELIEF

16. Count I — Unlawful Detention. Respondents hold Petitioners without constitutionally authorized statute and/or without the required Article III adjudication (prize/due-process).

17. Count II — Concealment / Jurisdiction Frustration. Withholding custodian/location frustrates the Great Writ and this Court's supervision.

18. Count III — Due Process (Amend. V). Restraint/transport/transfer without lawful statutory and judicial process violates due process.

EMERGENCY RELIEF REQUESTED (FILED WITH SEPARATE MOTIONS)

19. Petitioners contemporaneously file an Emergency Motion for Temporary Restraining Order and a [Proposed] Emergency Disclosure and No-Transfer Order requiring, inter alia:
(a) immediate disclosure of custodian, facility, and any criminal docket; (b) a short no-transfer to preserve jurisdiction; (c) prompt consular/ICRC and confidential legal access; and (d) record preservation.

PRAYER FOR RELIEF

Petitioners, by and through next friend, pray that the Court:

A. Issue a Rule/Order to Show Cause requiring Respondents to produce the bodies and show cause why the writ should not issue;

B. Enter the accompanying Emergency Disclosure and No-Transfer Order;

C. Direct charge-or-release on a prompt schedule consistent with due process;

D. Upon appearance of Petitioners' counsel designated by family or consulate, substitute such counsel while maintaining disclosure/no-transfer/access orders for at least 72 hours;

E. Grant such further relief as law and justice require.

Dated: ~~January 15, 2026~~  JANUARY 16, 2026 (GS)

/s/ Gabriel Sanchez

Gabriel Sanchez, as next friend

[CONTACT UNDER SEAL — see Omnibus Motion to Seal Personal Identifiers]


VERIFICATION (28 U.S.C. § 1746)

I, Gabriel Sanchez, declare under penalty of perjury that the facts stated in this Petition that are based on my personal knowledge are true, and those stated on information and belief I believe to be true. I submit this as next friend solely to preserve Petitioners' liberty interests, and I will yield immediately to counsel designated by Petitioners, their family, or consular authority.

Executed on ~~January 15, 2026.~~  JANUARY 16, 2026 (GS)

/s/ Gabriel Sanchez

Gabriel Sanchez, as next friend      (GS)

~~[CONTACT UNDER SEAL — see Omnibus Motion to Seal Personal Identifiers]~~

209 WEST 2ND STREET SUITE 179

FORT WORTH, TX 76102

FSREPUBLICS 2 PROTONMAIL.COM

817-727-5599 (GS)

JAN 16 2026 PM4:27
RECEIVED-USDC-NDTX-FW

NICOLÁS MADURO MOROS and CILIA FLORES,

by and through GABRIEL SANCHEZ, as next friend,

Petitioners,

v.

Civil Action No. 4-26CV-062-0

UNITED STATES OF AMERICA;

ATTORNEY GENERAL OF THE UNITED STATES

(PAMELA BONDI), in her official capacity;

SECRETARY OF DEFENSE;

COMMANDER, UNITED STATES SOUTHERN COMMAND;

UNITED STATES MARSHALS SERVICE;

WARDEN JOHN/JANE DOE #1 (immediate physical

custodian, when identified); and JOHN/JANE DOE

#2–10 (unknown custodians),

Respondents.

CLERK COVER NOTE (ROUTE TO DUTY JUDGE)

Enclosed for filing:

• Petition for Writ of Habeas Corpus (Next Friend) — 28 U.S.C. § 2241 (Bridge Version with Substitution on Counsel Appearance)

• Emergency Motion for Temporary Restraining Order (with Certificate of Conference — Not Possible)

• [Proposed] Emergency Disclosure and No-Transfer Order (includes Medical/Access and Preservation provisions)

• [Proposed] Order to Show Cause

• Memorandum of Law — Judicial Duty & Constitutional Supremacy (in support of Petition and TRO)

- Next-Friend Declaration of Gabriel Sanchez (verification under 28 U.S.C. § 1746)

- Master Certificate of Service (USAO–N.D. Tex. and U.S. Attorney General)
- Omnibus Motion to Seal Personal Identifiers (public filing) + [Proposed] Order
- Sealed Exhibit A — Next-Friend Contact Information (file under seal)


Requested clerk action:

1. Immediately route to the duty judge for emergency consideration.

2. Serve the TRO papers and any signed orders by electronic means upon the U.S. Attorney's Office (N.D. Tex.) and the Attorney General of the United States, and transmit to USMS for relay to any identified custodian/facility (see proposed order ¶5).

3. File Sealed Exhibit A under seal pursuant to the concurrently filed Omnibus Motion to Seal.


/s/ Gabriel Sanchez

Gabriel Sanchez, as next friend

[CONTACT UNDER SEAL — see Motion to Seal]

Dated: _____, 2026

--------------------------------------------------------------------

209 W 2ND STREET SUITE 179
FORT WORTH, TX 76102
917 727-7559
EMAIL FSREPUBLICS @ PROTONMAIL.COM